

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CLINTON BURNS,<br>    Petitioner,<br><br>vs.<br><br>A. MANSUKHANI, Warden,<br>FCI Estill, Estill, South Carolina,<br>    Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. 4:14-3517-MGL-TER<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING PETITIONER'S HABEAS PETITION WITHOUT PREJUDICE AND WITHOUT REQUIRING RESPONDENT TO FILE A RESPONSE

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Petitioner's petition for habeas relief be dismissed without prejudice and without requiring Respondent to file a response. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 1, 2014, and the Clerk of Court entered Petitioner's objections on October 14, 2014. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner is presently incarcerated in the Federal Correctional Institution in Estill, South Carolina. He was convicted on June 30, 1995, in the United States District Court for the Southern District of Florida of possession with intent to distribute cocaine base and conspiracy to possess with intent to distribute cocaine base. Prior to his conviction, the government filed notice that it intended to seek sentencing enhancements under 21 U.S.C. §§ 841 and 851. On October 27, 1995, the district court sentenced Petitioner to a term of life imprisonment. The Eleventh Circuit affirmed the convictions and sentence and the Supreme Court denied Petitioner's petition for certiorari. Thereafter, the district court denied Petitioner's motion to vacate under 28 U.S.C. § 2255 and the Eleventh Circuit denied Petitioner's request for a certificate of appealability. Petitioner then filed a Fed. R. Civ. P. 60(b) motion, which the district court denied. The Eleventh Circuit affirmed the district court's judgment. Petitioner later filed a § 2241 petition with this Court, which the Court dismissed without prejudice.

Habeas relief pursuant to § 2241 in a case such as this is available only if a § 2255 motion is inadequate or ineffective to test the legality of detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law

2

>changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. According to the Magistrate Judge, "Petitioner cannot satisfy all of the elements of this test." Report 4. The Court agrees.

In Petitioner's first objection to the Report, he argues that, in recommending dismissal, the Magistrate Judge failed to consider *Persaud v. United States*, 134 S. Ct. 1023 (2014). In the underlying Fourth Circuit *Persaud* case, the court, in effect, agreed with the district court that, for purposes of the savings clause of § 2255, a § 2241 petition is limited to an attack on a petitioner's conviction. *United States v. Persaud*, 517 F. App'x 137 (4th Cir. 2013). In other words, a petitioner could not use § 2241 to challenge his sentence. *Id*.

Persaud filed a petition for certiorari with the Supreme Court. In its response to Persaud's petition, the government agreed with the petitioner and argued that a § 2241 petition can be employed to test the validity of both a conviction and a sentence. In the Supreme Court's short three-sentence opinion, it granted Persaud's petition for certiorari and vacated and remanded the Fourth Circuit's judgment "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States." *United States v. Persaud*, 134 S. Ct. 1023 (2114). Later, in granting a joint motion filed by the parties, the Fourth Circuit remanded the case to the district court for consideration of the government's arguments in the first instance. *United States v. Persaud*, No. 12-8068, slip op. at 2 (4th Cir. May 7, 2014). The case is presently pending before the district court in the Western District of North Carolina.

3

In his objections, Petitioner states that he "cites . . . *Persaud* for the proposition . . . that his mandatory minimum (in light of *Alleyne*) is based upon the erroneous conviction(s) set forth in the government's information *now verified* [by] the U.S. Probation Office with supporting document(s)." Objections 2 n.1. Although not entirely clear, it appears that the essence of Petitioner's argument is that he is citing *Persaud* for the proposition that he can challenge his sentence under § 2241. There are several problems with Petitioner's position. For purposes of this opinion, however, the Court will discuss just two.

First, assuming that Petitioner can attack his sentence under § 2241, to the extent that he seeks to benefit from the Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (holding that a fact that triggers a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt), he is unable to do so. Unfortunately for Petitioner, *Alleyne* is not retroactive to cases on collateral review. *United States v. Reyes*, 755 F.3d 210, 212–13 (3d Cir. 2014). To the extent, however, that Petitioner avers that the district court improperly considered his predicate convictions for sentencing purposes, this is a matter that should be raised in a § 2255 action. Moreover, even if *Alleyne* was applicable to this particular argument, again, its holding is not retroactive. Consequently, for these reasons, the Court will overrule this objection.

In Petitioner's second objection, he maintains that the district court did not have subject matter jurisdiction over his case. Objections 2-3. According to Petitioner, "the indictment [that] Petitioner was convicted *did not* allege a drug amount." *Id*. 3. Petitioner further contends that, "to be sentence[d] pursuant to Section (b)(1)(A), the fact that increases the mandatory minimum (50 grams or more of crack (cocaine base))[ ] must be charged in the indictment and submitted to a jury and found beyond a reasonable doubt." *Id*. Petitioner states that the Magistrate Judge's "failure to

4

address Petitioner's subject matter jurisdiction question . . . constitutes a complete concession." *Id*. at 4. Petitioner is mistaken. Simply stated, Petitioner's indictment argument should be raised in an action pursuant to § 2255. In addition, errors in indictments are generally held to be harmless and not affecting substantial rights. *United States v. Higgs*, 353 F.3d 281, 305 (4th Cir. 2003). Therefore, the Court will overrule this objection, as well.

Third, Petitioner maintains that § 2255 is inadequate or ineffective to test the legality of his sentence because (1) "the AEDPA's 1-year limitations period (at this stage) . . . preclude[s] such a filing, and (2) "Petitioner's claims would . . . not be cognizable in a Second or Successive § 2255." *Id*. According to Petitioner, because he is unable to meet the requirements of the savings clause of § 2255, "§ 2241 is the proper vehicle for the relief sought." *Id*. But, as the Magistrate Judge recognized, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." Report 4 (quoting *In Re Vial*, 115 F.3d 1192,1194 n. 5 (4th Cir. 1997). Thus, because Petitioner's arguments for employing § 2241 are in clear conflict with controlling law, this objection will also be overruled.

Fourth, according to Petitioner, he "has demonstrated (by the record) that he is 'factually innocent of the underlying predicate conviction(s) [that] serves as 'the basis for the enhanced sentence.'" Objections 3. The Court disagrees. This is also an argument that should be made in a § 2255 action. Even assuming that a § 2241 petition is the appropriate vehicle for Petitioner to establish that he is factually innocent of the predicate convictions that formed the basis of his enhanced sentence, however, Petitioner has failed to establish that he is factually innocent of the underlying predicate conviction(s). Therefore, the Court will overrule this objection, as well.

Fifth, "Petitioner specifically objects to the Magistrate Judge's [statement] 'that Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new[,] reliable evidence of any type that was not presented in any prior court proceedings that support[s] his innocence of the charge." *Id*. (quoting Report 5).  Attached to Petitioner's objections are what he terms "portions of his Pretrial Detention Hearing . . . as evidence that he *was never* present at the crime scene . . . and his conviction rests solely on the *uncorroborated testimony* of the government's key and only witness." *Id* at 5.  This, according to Petitioner, "implicates 'cause' to the fundamental miscarriage of justice exception." *Id*.  Contrary to Petitioner's argument, however, he has failed to make a genuine claim of newly discovered evidence that supports his contention that he is factually innocent.  "To be credible, [an actual innocence] claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Because Petitioner has submitted no such evidence, the Court will overrule this objection, too.

Related to Petitioner's fifth objection, in his sixth objection Petitioner states in a footnote that "[d]uring the course of these proceedings[,] Petitioner discovered information through 'due diligence' that agent *Douglas R. Williams* was under FBI investigation by a Miami federal grand jury." Objections 4 n.3.  According to Petitioner, "Williams was the author of the original Criminal Complaint and Search Warrant Affidavit . . . and [a] grand jury witness in a related matter." *Id*. Petitioner contends that this information was "never presented in any other prior proceedings and recently made available to him in support of his challenge to the underlying conviction as proof of his claim of 'actual innocence.'" *Id*.  Although troubling if true, this claim does not support Petitioner's

6

claim that he is actually innocent of the underlying charge. Hence, the Court will also overrule this objection.

The Court has considered the remaining objections but finds them to be so lacking in merit as not to necessitate discussion.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Petitioner's petition for habeas relief is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a response.

An order denying relief in a § 2241 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 18th day of November, 2014, in Spartanburg, South Carolina.

<u>s/ Mary G. Lewis</u>
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.