IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clinton Burns, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:14-3517-MGL |
| | ) | |
| A. Mansukhani, Warden, FCI Estill, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

On September 3, 2014, Petitioner Clinton Burns, ("Petitioner"), brought this civil action, *pro se*, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). On October 1, 2014, United States Magistrate Judge Thomas E. Rogers, to whom this case had previously been assigned, issued a Report and Recommendation, ("Report"), recommending that Petitioner's application be dismissed without prejudice and without requiring Respondent to file a response. (ECF No. 12). This Court adopted that Report by Order dated November 18, 2014. (ECF No. 17).

Subsequently, Petitioner filed a Motion for Reconsideration of this Court's ruling, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 20). Petitioner next filed a "Motion for Ripeness," (ECF No. 22), seeking substantially the same relief as the already filed Motion for Reconsideration. Petitioner has also filed several other documents in the nature of supplements that are largely repetitive of his earlier applications. See ECF Nos. 25 and 27. The Court has now reviewed all of these filings and these matters are now ripe for decision.

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a]ny motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Although Rule 59(e) does not itself provide a standard under which a District Court may grant a Motion to

1

Alter or Amend a Judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Ins. Co. v. American National Ins. Co.*, 148 F.3d 396,403 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *Id.* Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. *Id.* (citing *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

Applying the above standards to the instant matter, the Court concludes that Petitioner has failed to establish, across all of his numerous filings, any basis under Rule 59(e) for this Court to modify its Order of November 18, 2014. While Petitioner appears to maintain that newly discovered evidence, in the form of certain "information" that one of the federal agents involved in the investigation of his case was himself under investigation by a federal grand jury, provides a basis for the Court to reconsider its earlier Order, see ECF No. 20 at p. 2, the record clearly reflects that this "information," the reliability of which has not been established by Petitioner, was already presented to and rejected by this Court as a viable basis for Petitioner to

2

establish an actual innocence claim.  As the Court set out in its earlier Order, "[a]lthough troubling if true, this claim [that a case agent had been the subject of a grand jury investigation] does not support Petitioner's claim that he is actually innocent of the underlying charge." (ECF No. 17 at p. 6-7).

Because Petitioner has failed to establish any of the recognized grounds for reconsideration, the Court concludes that both Petitioner's Motion for Reconsideration, (ECF No. 20), and related Motion for Ripeness, (ECF No. 22) are properly **DENIED**.

**IT IS SO ORDERED**.

April 13, 2015                                      __s/Mary G. Lewis_____
Columbia, South Carolina              United States District Judge